**Tarcila Tagalicud HOSE, in the Matter of the Application of Petitioner, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; Donald A. Radcliffe, District Director, Respondents–Appellees.**

No. 97–15789.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1998.

Decided April 10, 1998.

As Amended April 24 and July 24, 1998.

Withdrawn and Rehearing En Banc Granted Dec. 2, 1998.

Argued and Submitted on Rehearing March 25, 1999.

Decided June 10, 1999.

George K. Noguchi, Honolulu, Hawaii, and Lucas Guttentag, American Civil Liberties Union Foundation, San Francisco, California, for the petitioner-appellant.

John J. Andre and David J. Kline, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondents-appellees.

Frank Muna, Law Offices of Frank Muna, Fresno, California, for amicus curiae Concerned Citizens for Immigration Reform.

Before: HUG, Chief Judge, and SCHROEDER, PREGERSON, BRUNETTI, TROTT, T.G. NELSON, KLEINFELD, TASHIMA, THOMAS, GRABER, and WARDLAW, Circuit Judges.

THOMAS, Circuit Judge:

Tarcila Tagalicud Hose appeals from the judgment of the district court dismissing her habeas corpus petition for lack of jurisdiction. We agree that Hose's claims are not subject to judicial review, albeit for different reasons than those provided by the district court.

I

Hose, a Philippine citizen, had obtained approval for a visa based on her marriage to a United States citizen. Upon arrival in Hawaii, she was inspected by an official of the United States Immigration and Naturalization Service ("INS") and allowed to enter the United States as an immediate relative of a United States citizen. While she was waiting to clear customs, she was detained and her visa was canceled for suspicion of marriage fraud. The INS subsequently initiated exclusion proceedings, alleging that Hose was excludable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) for being an alien without a proper visa.

After several continuances, an exclusion hearing was held. Because of pending criminal charges, Hose asserted her Fifth Amendment privilege against self-incrimination and declined to testify. The immigration judge determined that Hose had failed to sustain her burden of proof of establishing that she was not subject to exclusion. Hose appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"), arguing that the judge should have granted her a further continuance and that she was not properly

in exclusion proceedings because she had entered the United States. The BIA dismissed the appeal.

Thereafter, Hose filed a petition for a writ of habeas corpus, which the district court dismissed for lack of subject matter jurisdiction. A panel of this court affirmed the dismissal in *Hose v. INS*, 141 F.3d 932 (9th Cir.1998). We vacated the panel's decision and agreed to rehear the appeal en banc. Following issuance of the panel decision that denied a stay of deportation, the INS deported Hose to the Philippines.

## II

The panel affirmed the district court's dismissal for lack of subject matter jurisdiction, construing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") as divesting federal courts of "all jurisdiction to hear any claim by any alien involving an immigration proceeding." *Hose*, 141 F.3d at 935. Since issuance of the panel decision, the Supreme Court has clarified the scope of 8 U.S.C. § 1252(g), the provision on which the panel relied. In *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, ——, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999), the Court rejected the government's claim that 8 U.S.C. § 1252(g) "covers the universe of deportation claims." Rather, the Court held:

> In fact, what § 1252(g) says is much narrower. The provision applies only to three discrete actions that the Attorney General may take: her "decision or action" to "commence proceedings, adjudicate cases or execute removal orders."

*American–Arab*, 525 U.S. at ——, 119 S.Ct. at 943.

After *American–Arab*, the panel's broad construction of § 1252(g) is no longer viable. However, that does not settle the matter, because we conclude for different reasons that Hose's claims are not subject to further judicial review.

1. IIRIRA's permanent rules merge deportation and exclusion proceedings into a broader category entitled "removal proceedings." *See IIRIRA* § 304; *United States v. Pantin*, 155

Prior to the passage of IIRIRA, immigration law provided for two types of removal proceedings: deportation hearings and exclusion hearings. *See Landon v. Plasencia*, 459 U.S. 21, 25, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982). A deportation hearing was the "usual means of proceeding against an alien already physically in the United States," while an exclusion hearing was the "usual means of proceeding against an alien outside the United States seeking admission." *Id.* Because Hose had not yet cleared customs when she was detained, she was placed in exclusion proceedings.

Under pre-IIRIRA law, the appropriate avenue for judicial review of a final order of exclusion was for the alien to file a petition for a writ of habeas corpus in the district court. *See* 8 U.S.C. § 1105a(b) (repealed by IIRIRA); *Mosa v. Rogers*, 89 F.3d 601, 603 (9th Cir.1996) ("An alien's sole means for obtaining judicial review of a final order of exclusion is a petition for a writ of habeas corpus."). By contrast, under pre-IIRIRA law, the exclusive means of obtaining judicial review of a final order of deportation was by filing a petition for review in the court of appeals. *See* 8 U.S.C. § 1105a(a); *Duldulao v. INS*, 90 F.3d 396, 397–98 (9th Cir.1996).

IIRIRA unified judicial review procedures applicable to final orders of deportation and exclusion. IIRIRA repealed 8 U.S.C. § 1105a(b), which provided for review of final exclusion orders by writs of habeas corpus filed in the district courts. *See* IIRIRA § 306(b). In its stead, IIRIRA's transitional rules vested jurisdiction in the courts of appeals for review of final orders of deportation and exclusion. *See* IIRIRA § 309(c)(4)(A).[1]

Pre–IIRIRA law applies to cases in which a final deportation or exclusion order was filed on or before October 30, 1996. *See Kalaw v. INS*, 133 F.3d 1147,

F.3d 91, 92 (2d Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 835, 142 L.Ed.2d 691 (1999).

1150 (9th Cir.1997). IIRIRA's transitional rules apply to cases in which a final deportation or exclusion order was filed after October 30, 1996, and which were pending before April 1, 1997. *See id.* Finally, "IIRIRA's permanent provisions pertain to removal proceedings initiated by the INS on or after April 1, 1997." *Id.*

Because Hose's final order of exclusion was issued on April 25, 1997, and she was in exclusion proceedings before April 1, 1997, IIRIRA's transitional rules apply to her case. However, apparently under the belief that pre-IIRIRA law applied to her exclusion order, she filed a petition for a writ of habeas corpus in the district court. The relief Hose actually sought is a matter of some dispute, and her habeas petition is far from a model of clarity. The district court, the panel, and the government in its initial briefing treated her pleading as a petition for review misfiled as a habeas petition, and Hose urges us to do so here. On rehearing, the government contends that Hose's initial petition merely sought a stay pending exhaustion of administrative and judicial remedies. It is unnecessary for us to resolve this difference of opinion because, under either pleading theory, Hose's petition is not subject to further judicial review.

■ If we adopt Hose's interpretation of the habeas corpus petition as a pleading seeking judicial review of the merits of the exclusion order, jurisdiction did not lie in the district court. IIRIRA's transitional rules vest exclusive jurisdiction over petitions for review of exclusion orders in the courts of appeals, not the district courts. *See* IIRIRA § 309(c)(4)(A). Thus, even under Hose's theory, the district court

properly dismissed the petition for want of jurisdiction.

■ If we adopt the government's new theory—that Hose merely was seeking a stay rather than relief on the merits—the request for stay would be moot because Hose has been deported.[2] Thus, further judicial review is not available under either theory.

### III

■ Hose asks us to transfer the case to this court pursuant to 28 U.S.C. § 1631, arguing that she mistakenly filed an ill-pleaded petition for review in the district court within the statute of limitations and that jurisdiction would have been proper here.[3]

Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

■ In order for a case to be transferred pursuant to the federal transfer

---

**2.** The government also urges us to hold that the district court lacked jurisdiction on a different basis, namely, the government's new construction of 8 U.S.C. § 1252(g) (following the Supreme Court's decision in *American–Arab*) that courts lack jurisdiction to grant a deportation stay because it relates to the Attorney General's discretion to "execute removal orders." *Id.* However, it is not necessary for us to reach that potentially complex question, and we decline to do so. We also expressly decline to decide what habeas cor-

pus remedies, if any, remain under IIRIRA, because such a determination is unnecessary to the resolution of this case.

**3.** We note with disapproval that Hose failed to file this transfer request in the district court. Although that failure is not fatal to Hose's request to this court, *see Rodriguez–Roman v. INS*, 98 F.3d 416, 422 (9th Cir. 1996), the proper procedure would have been to make the request to the district court in the first instance.

statute, the transferee court must be able to hear the matter upon transfer. *See General Atomics v. United States Nuclear Regulatory Comm'n,* 75 F.3d 536, 540 (9th Cir.1996). "If the transferee court lacks jurisdiction, the transfer is obviously improper." *Id.* (citing *Clark v. Busey,* 959 F.2d 808, 812 (9th Cir.1992)). Ordinarily, under section 1631, jurisdiction is determined as of the filing of the initial complaint and, after vesting, cannot be ousted by subsequent events. *See F. Alderete Gen. Contractors v. United States,* 715 F.2d 1476, 1480 (Fed.Cir.1983). However, when subsequent events render the case non-justiciable so that no federal court would have jurisdiction, then transfer is inappropriate.

Regardless of which construction of the pleadings we might adopt, jurisdiction would not lie and transfer would be inappropriate. If we construe Hose's petition as one merely seeking a stay, the case is moot because of Hose's deportation. With no extant controversy, the case would not qualify for federal court adjudication. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Thus, transfer would be improper.

If we adopt Hose's construction of the pleadings, transfer would be inappropriate, because the transitional rules prevent this court from reviewing exclusion orders when the petitioner has departed the country. The transitional rules incorporate 8 U.S.C. § 1105a(c),[4] which provided in relevant part:

An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigrations laws ... *or if he has departed from the United States after the issuance of the order.*

8 U.S.C. § 1105a(c) (emphasis supplied).

■ Thus, because Hose departed the United States after issuance of the panel's decision, we would lack jurisdiction under the transitional rules to entertain her petition for review.[5] *See id.*; see also *Thorsteinsson v. INS,* 724 F.2d 1365, 1367 (9th Cir.1984) (interpreting the jurisdictional limits of 8 U.S.C. § 1105a(c)). Because Hose's petition for review would not be subject to judicial review upon transfer, transfer pursuant to 28 U.S.C. § 1631 would be inappropriate.

### IV

In summary, the panel opinion's jurisdictional statements are untenable after the Supreme Court's decision in *American–Arab.* Nonetheless, Hose is not entitled to relief. If Hose's petition is construed as a petition for review, the district court's dismissal of Hose's petition was proper because, under IIRIRA's transitional rules, exclusive jurisdiction over petitions for review of exclusion orders is vested in the federal courts of appeals. If Hose's petition is construed as one seeking only a stay of deportation pending other administrative and judicial review, it is moot because she has been deported.

---

4. IIRIRA § 309(c)(4)(A), which applies only to cases governed by the transitional rules, provides that, "in the case of judicial review of a final order of exclusion, subsection (b) of such section [referring to 8 U.S.C. § 1105a] shall not apply and the action for judicial review shall be governed by the provisions of subsections (a) and (c) of such in the same manner as they apply to judicial review of orders of deportation."

5. We have recognized an exception to the general rule that nonresident aliens may not seek judicial review of deportation proceed-

ings when the removal was not "legally executed." *See Thorsteinsson v. INS,* 724 F.2d 1365, 1367 (9th Cir.1984); *see also Estrada–Rosales v. INS,* 645 F.2d 819, 820–21 (9th Cir.1981); *Mendez v. INS,* 563 F.2d 956, 958 (9th Cir.1977). On rehearing, Hose claims her removal was not legally executed because she was deported before the panel's mandate issued. However, the record before this court is devoid of this allegation, and Hose has not filed any motion or pleading properly alleging an illegally executed removal. Because this issue has not been raised properly, we decline to consider it.

We deny Hose's request for transfer pursuant to 28 U.S.C. § 1631, because a petition for review filed by an alien who has been deported is not subject to judicial review under the transitional rules. We decline to reach any other question posed by the parties, or to opine as to whether Hose has any other available remedies.