**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAHIN SHIRKHANI,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 98-9539

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

During the pendency of an appeal of the Board of Immigration Appeals'

denial of Mr. Shirkhani's motion to reopen deportation proceedings, Mr.

Shirkhani left the United States.  As a result, we lack jurisdiction to consider his

petition for review.  It is, therefore, dismissed.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

Mr. Shahin Shirkhani, a citizen of Iran, entered the United States in 1983 pursuant to a non-immigrant fiancé visa. <u>See</u> Admin. Rec. at 213 (Oral Dec. of the Immigration J. dated June 29, 1987). After he remained in the United States longer than permitted, the Immigration and Naturalization Service (INS) initiated deportation proceedings against Mr. Shirkhani in 1985. <u>See id.</u> at 386-88 (Order to Show Cause dated August 16, 1985). At the conclusion of the proceedings and administrative appeals, the Board of Immigration Appeals (BIA) ordered Mr. Shirkhani deported to Iran. <u>See id.</u> at 139-45 (BIA Decision filed April 26, 1989).

Mr. Shirkhani submitted three motions to reopen the deportation proceedings, the last of which was denied in 1998. <u>See id.</u> at 2-3 (BIA Decision filed Sept. 10, 1998). Mr. Shirkhani appealed that decision to this Court and was granted a stay of deportation proceedings, which was dissolved in February 1999 following a motion by the INS. <u>See</u> <u>Shirkhani v. INS</u>, No. 98-9539 (10th Cir. filed Feb. 22, 1999) (Order Dissolving Stay of Deportation Proceedings).

Thereafter, the District Director of the INS granted an administrative stay to allow Mr. Shirkhani the opportunity to seek permanent residence in the Phillippines and pursue his application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment

or Punishment, June 26, 1987, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85. See Pet.'s Mem. Br. Regarding Issue of Mootness at 2. While still protected by this administrative stay, Mr. Shirkhani departed from the United States to Canada on or about August 6, 1999. See id. Mr. Shirkhani's counsel informed this Court of his departure at oral argument on January 19, 2000, and we ordered additional briefing on the issues of mootness and jurisdiction.

## II. JURISDICTION AFTER DEPARTURE FROM THE UNITED STATES

Mr. Shirkhani's deportation proceedings commenced prior to April 1, 1997, and his final order of deportation was issued after October 30, 1996. Accordingly, as both parties have acknowledged, jurisdiction over this matter is governed by § 106 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1105a (1994) (repealed 1996), as amended by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, 110 Stat. 3009. See Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1143 (10th Cir. 1999).

The transitional rules governing judicial review set forth in IIRIRA § 309(c)(4) incorporate INA § 106(c), 8 U.S.C. §1105a(c). See Hose v. INS, 180 F.3d 992, 996 (9th Cir. 1999) (en banc); Sofinet v. INS, 188 F.3d 703, 708 (7th Cir. 1999). Section 106(c) states: "[a]n order of deportation . . . shall not be

reviewed by any court if the alien . . . has departed from the United States after issuance of the order." For purposes of § 106, the BIA's order denying the motion to reopen is a final order of deportation. <u>See</u> <u>Cheng Fan Kwok v. INS</u>, 392 U.S. 206, 216 (1968). Thus, when Mr. Shirkhani departed from the United States, he divested this court of jurisdiction to review the order. Because we lack jurisdiction, we DISMISS Mr. Shirkhani's petition for review.

Entered for the Court,


Robert H. Henry
Circuit Judge