233 F.3d 1160 (9th Cir. 2000)
 MARIO RICHARDS-DIAZ, Petitioner-Appellant,
v.
ADELE J. FASANO, District Director, Respondent-Appellee.
 No. 99-56530
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted October 12, 2000
Filed November 17, 2000
 
 Richard Freitas, San Diego, California, for the petitioner appellant.
 Samuel W. Bettwy, Assistant United States Attorney, San Diego, California, for the respondent-appellee.
 Appeal from the United States District Court For the Southern District of California Barry Ted Moskowitz, District Judge, Presiding. D.C. No.CV-99-327 BTM
 Before: Robert Boochever, A. Wallace Tashima, and Richard Tallman, Circuit Judges.
 TASHIMA, Circuit Judge:
 
 I.
 
 1
 Mario Richards-Diaz ("Richards") appeals the district court's denial of his petition for a writ of habeas corpus. He argues that S 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") violates the Equal Protection component of the Fifth Amendment of the Constitution; that the application of AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to his case constitutes an impermissible retroactive application of the laws; and that the Court should use its equitable powers to terminate his removal proceedings and compel the Attorney General to initiate deportation proceedings. The government argues that we lack jurisdiction in the matter. Alternatively, it contends that, if we do have jurisdiction, we should affirm the district court on the merits.
 
 II.
 
 2
 Richards is a native and citizen of Mexico. He was lawfully admitted into the United States in 1975. On February 21, 1996, pursuant to a guilty plea, Richards was convicted of transportation of a controlled substance in violation of S 11379(a) of the California Health and Safety Code. He was sentenced to 180 days' incarceration. That conviction made him deportable under the immigration law at the time. See 8 U.S.C. S 1251(a)(2)(B)(i) (1994) (making deportable "[a]ny alien who at any time after entry has been convicted of a violation . . . relating to a controlled substance"). The Attorney General, however, did not initiate proceedings at that time. Rather, approximately 18 months later, on June 20, 1997, the Attorney General issued Richards a Notice to Appear, charging him with removability under S 237 of the Immigration and Naturalization Act ("INA"), as amended by IIRIRA. See 8 U.S.C. S 1227(a)(2)(A)(iii) (1999) ("Any alien . . . shall . . . be removed if the alien is . . . convicted of an aggravated felony at any time after admission.").
 
 
 3
 After a hearing, the immigration judge ("IJ") found that Richards' conviction rendered him removable as charged in the Notice to Appear. Furthermore, because Richards' removal proceeding was initiated pursuant to the permanent provision of IIRIRA, the IJ held that Richards was not eligible for discretionary relief under INA S 212(c) because of its repeal by S 304(b) of IIRIRA, or under S 240A (as amended by S 304(a) of IIRIRA)[1] because of his status as an aggravated felon. See 8 U.S.C. S 1229b(a)(3) (1999) ("The Attorney General may cancel removal . . . if the alien . . . has not been convicted of any aggravated felony."). Richards appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which agreed with the IJ, and dismissed the appeal.
 
 
 4
 Subsequently, Richards filed a petition for a writ of habeas corpus in district court, pursuant to 28 U.S.C.S 2241.[2] The district court found that it had jurisdiction to hear the petition, but denied it on the merits. It concluded that IIRIRA was not impermissibly retroactive, that Richards had no standing to challenge S 440(d), and that Richards's nunc pro tunc argument lacked any merit. Richards appeals. We review the district court's denial of a habeas petition de novo. See Bowen v. Hood, 202 F.3d 1211, 1218 (9th Cir. 2000).
 
 III.
 A. Jurisdiction
 
 5
 The existence of subject matter jurisdiction is a question of law which we review de novo. See Burlington N. Santa Fe Ry. v. IBT Local 174, 203 F.3d 703, 707 (9th Cir. 2000) (en banc) (citation omitted). We have recently held that "[n]either IIRIRA's permanent nor transitional rules repeal the statutory habeas corpus remedy available via 28 U.S.C. S 2241." Barapind v. Reno, 225 F.3d 1100, 1110 (9th Cir. 2000) ( citing Flores-Miramontes v. INS, 212 F.3d 1133, 1136-38 (9th Cir. 2000), and Magana-Pizano v. INS, 200 F.3d 603, 609 (9th Cir. 2000)). Thus, the district court had jurisdiction over this habeas proceeding pursuant to S 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. S 2253(a).
 
 B. IIRIRA's Repeal of Section 212(c)
 1. Evolution of Discretionary Relief
 
 6
 Under the statutory scheme in effect prior to the enactment of AEDPA and IIRIRA, aliens otherwise determined to be deportable were entitled to apply for a waiver of deportation under INA S 212(c). See 8 U.S.C. S 1182(c) (1994), repealed by IIRIRA S 304(b). Discretionary relief under that section, however, did "not apply to an alien who ha[d ] been convicted of one or more aggravated felonies and ha[d] served for such felony or felonies a term of imprisonment of at least five years." Id.
 
 
 7
 In enacting S 440(d) of AEDPA, Congress expanded the category of criminal convictions that would render an alien ineligible to apply for S 212(c) relief. See AEDPA, Pub. L. No. 104-132, S 440(d), 110 Stat. 1214, 1277 (1996). Specifically, under the amended version, a discretionary waiver could not be granted to an alien convicted of certain enumerated offenses, including a drug-related crime, a firearm related crime, two or more offenses involving moral turpitude, and an aggravated felony, regardless of time served in prison. See S 440(d). Soon thereafter, however, Congress enacted IIRIRA, which, among other things, repealed S 212(c) altogether and consolidated prior "suspension of deportation" relief and aspects of former S 212(c) relief into a new form of relief: "Cancellation of removal for certain permanent residents." IIRIRA S 304(a) (codified at 8 U.S.C. S 1229b(a) (1999)).[3] That section now makes any discretionary relief unavailable to all aliens who have been "convicted of any aggravated felony." IIRIRA S 304(a).
 
 2. Retroactivity
 
 8
 Richards argues that the repeal of S 212(c), which prevents him from applying for discretionary relief, is impermissibly retroactive. It is true that civil statutes are generally presumed to apply prospectively only. See Landgraf v. USI Film Prods., 511 U.S. 244, 271-72 (1994). "However, this presumption is applied only if Congress has not clearly manifested its intent to the contrary." Aragon-Ayon v. INS, 206 F.3d 847, 851 (9th Cir. 2000) (internal quotation and citation omitted). Therefore, the crucial question "is whether Congress has clearly manifested an intent for [the repeal of S 212(c)] to apply retroactively." Id. In answering that question, we not only look to the words of the statute, but to its structure as well. See Magana-Pizano, 200 F.3d at 611 (finding AEDPA's structure important in "divining intent").
 
 
 9
 We have already held that the amended definition of "aggravated felony" in IIRIRA applies retroactively. See Aragon-Ayon, 206 F.3d at 853. In so holding, we found that the statutory language left no doubt of Congress' intent that the new definition reach convictions that pre-dated the enactment of IIRIRA. See id. at 852-53. Although the language at issue here is not as definitive as the provision we were faced with in Aragon-Ayon, S 309(a) of IIRIRA, which governs the applicability of the sections at issue, is clear nonetheless. It states that, in general, "the amendments made by [SS 301 through 309 of the IIRIRA, which include the repeal of S 212(c) and the enactment of S 1229b, ] shall take effect on [April 1, 1997]." IIRIRA, Pub. L. No. 104-208, S 309(a), 110 Stat. 3009, 3009-625 (1996). Although "[a] statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date," Landgraf, 511 U.S. at 257, the dates contained in S 309 are more than just "effective dates." Cf. Magana-Pizano, 200 F.3d at 611 (holding that"[b]ecause AEDPA has numerous effective date provisions, even within chapters, AEDPA's structure has been important in divining intent"). In enacting S 309, Congress went to great lengths to implement a scheme of both transitional and permanent provisions, which took many factors into consideration. In so doing, Congress made certain provisions applicable to certainaliens at certain times, while simultaneously exempting other aliens from other provisions. See IIRIRAS 309(a) (exempting SS 303(b)(2), 306(c), 308(d)(2)(D), or 308(d)(5) from the general effective dates); IIRIRA S 309(c) (creating a transition scheme exempted from the general effective dates). In analyzing this carefully-crafted scheme, we find Judge Walker's analysis compelling:
 
 
 10
 This legislative scheme of transitional provisions followed by permanent legislation can be reduced to one essential point relevant to IIRIRA's repeal of S 212(c): Congress intended the whole of IIRIRA's permanent provisions to apply to every alien as of April 1, 1997, except where it expressly exempted those provisions that were not meant to apply as of that date. The provision repealing S 212(c) was not one of them.
 
 
 11
 St. Cyr v. INS, 229 F.3d 406(2d Cir. 2000) (Walker, J., dissenting). We agree.[4]
 
 
 12
 Congress' intent to repeal S 212(c) retroactively is further evidenced by the fact that S 212(c)'s "waiver of deportation" can no longer be given effect because "deportation" proceedings no longer exist after the enactment of the IIRIRA. See footnote 3, supra. Thus, to apply S 212(c)'s "waiver of deportation" relief to an alien subject to an order of removal under the new provisions,[5] would create an "awkward statutory patchwork sewn together . . . from scraps of IIRIRA and the former INA." St. Cyr, 229 F.3d at 423 (Walker, J., dissenting). Such construction "faces insurmountable hurdles even on a linguistic level." Id. We therefore conclude that Congress was clear in its intent to have IIRIRA apply to all aliens against whom removal proceedings were not yet pending as of April 1, 1997.
 
 
 13
 We must also recognize, however, that in MaganaPizano we carved out a limited exception to this general rule:
 
 
 14
 [W]e leave open the possibility that, under a specific factual showing that a plea was entered in reliance on the availability of discretionary waiver under S 212(c), a petitioner may be able to establish that [IIRIRA S 304(b)] has an impermissible retroactive application as to him. In doing so, we employ our sound instinct in applying the familiar considerations of fair notice, reasonable reliance, and settled expectations.
 
 
 15
 200 F.3d at 613 (internal citations and quotation marks omitted).
 
 
 16
 Richards argued in the district court that he had relied on the law in effect at the time of his guilty plea. He renews this argument on appeal. The district court, whose order predates our opinion in Magana-Pizano, did not address this argument. Although such a showing of reliance can only be made in a rare circumstance, see id., without an evidentiary hearing, we are unable to determine whether the circumstances here warrant such relief. Therefore, as mandated by Magana-Pizano, 200 F.3d at 613-14, we remand so that the district court can hold an evidentiary hearing as to the basis of Richards' claim that he specifically relied on the availability of a discretionary waiver when he entered his guilty plea.
 
 C. Other Arguments
 
 17
 We summarily reject Richards' arguments as to the unlawfulness of S 440(d) of the AEDPA because we find that Richards lacks standing to challenge this provision. This is so because, by the time the INS started removal proceedings against Richards, S 212(c), as amended byS 440(d), had already been repealed. See IIRIRA SS 304(b), 309(a). Therefore, S 440(d) had no effect on the IJ's or the BIA's decision to deny him relief. Even if Richards were to obtain the relief he seeks with this petition, and we were to hold that the IJ should have applied the law as it existed at the time of Richards' conviction, AEDPA had not yet been enacted; thus, S 212(c) would have stood in its original form, unaffected by S 440(d). See City of Los Angeles v. Lyons , 461 U.S. 95, 101 -02 (1983) ("The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." (internal quotation marks omitted)).
 
 
 18
 We also summarily reject Richards' novel argument that we should use our equitable powers to enjoin the Immigration and Naturalization Service ("INS") from continuing the current removal proceedings, and instead require the INS to reopen deportation proceedings under the old law. The justification for such request is that Richards was placed in removal proceedings only by mistake and lack of diligence on the INS' part, and that we can correct history through a nunc pro tunc theory. This, however, we cannot do. We are in no position to review the timing of the Attorney General's decision to "commence proceedings" against petitioner. See 8 U.S.C. S 1252(g) (1999) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien"); Reno v. American-Arab Anti Discrimination Comm., 525 U.S. 471, 482-87 (1999) (construing S 1252(g)).
 
 IV.
 
 19
 In sum, we conclude that Congress intended that the repeal of S 212(c) apply to all proceedings commenced after April 1, 1997. We further conclude that, as a general rule, the repeal is not impermissibly retroactive. The district court should, however, hold an evidentiary hearing to determine whether Richards can make a specific showing, based on his alleged reliance on S 212(c), that the retroactive application of the repeal of S 212(c) is impermissible as to him and we remand for this purpose. We otherwise affirm the decision of the district court.
 
 
 20
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 Section 304(a) of IIRIRA, which amended INA S 240A, incorporated aspects of former S 212(c) into an entirely new form of discretionary relief. See IIRIRA, Pub. L. No. 104-208,S 304(a), 110 Stat. 3009, 3009594 (1996) (codified as 8 U.S.C. S 1229b).
 
 
 [2]
 AEDPA S 440(a) and IIRIRAS 306 withdrew direct judical review of deportation and removal orders of aliens convicted of aggravated felonies. See Duldulao v. INS, 90 F.3d 396, 399 (9th Cir. 1996).
 
 
 [3]
 Congress also changed the legal lexicon associated with immigration proceedings. See generally, IIRIRA passim. Under the old scheme, aliens could either be "deported" or "excluded " from the United States, depending on their status, i.e., whether or not they had entered the United States. Under IIRIRA, Congress eliminated the distinction between the two forms of proceedings and replaced them with "removal " proceedings. See IIRIRA S 304(a).
 
 
 [4]
 We recognize that our decision today differs from the Second Circuit's in St. Cyr v. INS, 229 F.3d 406 (2d Cir.2000). Our decision, however, is mandated by our prior decisions in Aragon-Ayon and Magana-Pizano, as well as by our own close reading of the statute. Moreover, as noted in St. Cyr, a three-way circuit split already exists on the issue. See id. at 417 (collecting cases).
 
 
 [5]
 It is beyond doubt that the Attorney General can commence proceedings against an alien at any time, and we have no power to review that decision. See 8 U.S.C. S 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien"). Here, the Attorney General commenced proceedings against Richards after the enactment of the IIRIRA. Thus, the permanent provisions of the IIRIRA, embodied in 8 U.S.C. S 1227 apply (which Richards concedes). Also, after AragonAyon, it is beyond doubt that the Attorney General properly took Richards' 1996 conviction into account in determining his eligibility for removal (which he also concedes). Accordingly, because of his conviction, the INS determined that Richards was removable under the IIRIRA (which he also concedes). As a removable alien, the only relief he may seek is that provided in 8 U.S.C. S 1229b ("Cancellation of Removal").