**Jun Li TAM, a.k.a. Jun Li Tan; Joseph Junior Tam; Wing Ng Tam; You Xian Tam; Judie Tam; Stanley Tam, Petitioners–Appellants,**

v.

**Janet RENO, Attorney General of the United States of America, Respondent–Appellee.**

No. 99–15775.

D.C. No. CV–98–02835–MHP.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2001.[1]

Decided Jan. 11, 2001.

Before GOODWIN, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM[2]

Jun Li Tam and members of his family appeal from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his petition filed pursuant to 28 U.S.C. § 2241. We reverse and remand for an evidentiary hearing.

The district court correctly concluded that it had jurisdiction of Tam's petition and that the repeal of § 212(c) of the Immigration and Nationality Act by § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) applies to Tam because his removal proceedings were initiated after April 1, 1997. *Richards–Diaz v. Fasano,* 233 F.3d 1160 (9th Cir.2000). However, because Tam has alleged that he relied on the availability of § 212(c) discretionary relief when he decided to plead guilty, we remand for an evidentiary hearing on that claim. *Id.* at 1165. If Tam makes a " 'specific factual showing that a plea was entered in reliance on the availability of discretionary waiver under § 212(c),' " he "may be able to establish that [IIRIRA § 304(b)] has an impermissible retroactive application as to him.' " *Id.* (quoting *Magana–Pizano v. INS,* 200 F.3d 603, 613 (9th Cir.1999)). In examining Tam's claim, the court should employ its "sound instinct in applying the familiar considerations of fair notice, reasonable reliance, and settled expectations." *Magana–Pizano,* 200 F.3d at 613 (citation and internal quotation marks omitted).

REVERSED and REMANDED.

---

1.  The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2.  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.