Antonio BARRIGA–SOLORIO,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70809.
I & NS No. A90–091–702.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2001.*

Decided Feb. 28, 2001.

Cir.1995).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM **

Antonio Barriga–Solorio appeals the Board of Immigration Appeals' determination that he is ineligible for relief under INA § 212(c). We dismiss the petition.

The transitional rules regarding jurisdiction govern this case. See IIRIRA[1] § 309(C)(4); Hose v. INS, 180 F.3d 992, 994–95 (9th Cir.1999) (en banc); Kalaw v. INS, 133 F.3d 1147, 1149–50 (9th Cir. 1997). We lack jurisdiction over appeals by aliens who have been "convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marajuana." IIRIRA § 309(c)(4)(G); 8 U.S.C. § 1251(a)(2)(B)(i) (now 8 U.S.C. § 1227(a)(2)(B)(i)). Here Barriga admitted that he had been convicted of possession of cocaine in violation of California Health & Safety Code § 11350. That being so, we lack jurisdiction.[2]

Petition DISMISSED. However, we direct the clerk of the court to stay the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Illegal Immigration and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996).

2. Barriga also maintains that his due process rights were violated. Even if that were true, we do not have jurisdiction. See Alfaro–Reyes v. INS, 224 F.3d 916, 921 (9th Cir.2000); Luu–Le v. INS, 224 F.3d 911, 914 (9th Cir. 2000).

mandate for 30 days beyond the date on which it would otherwise issue, *see* Fed. R.App. P. 40(a)(1), to allow Barriga sufficient opportunity to file a habeas corpus petition in the district court under 28 U.S.C. § 2241.