Carlos MENDOZA–BAHENA; Maria Luisa Castaneda de Mendoza; David Mendoza–Casteneda; Carlos Mendoza–Casteneda; Jennifer Mendoza–Casteneda, Petitioners,

v.

John ASHCROFT,* Attorney General, Respondent.

No. 99–71399.

I & NS Nos. A75–474–927; A75–474–928; A75–474–931; A75–474–929; A75–474–930.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001.**

Decided April 2, 2001.

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM ***

Carlos Mendoza–Bahena, his wife Maria Luisa Casteneda de Mendoza, and their children David, Carlos, and Jennifer Mendoza–Casteneda appeal the Board of Immigration Appeals' decision affirming the Immigration Judge's order of removal. We dismiss the petition.

(1) IIRIRA's [1] permanent rules regarding jurisdiction govern this case. *See* 8 U.S.C. § 1252; *Andreiu v. Reno,* 223 F.3d 1111, 1113 (9th Cir.2000); *see also Hose v. INS,* 180 F.3d 992, 994–95 (9th Cir.1999) (en banc). On appeal the Mendozas argue that the INS improperly initi-

---

\* John Ashcroft is substituted for Janet Reno, Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* Illegal Immigration and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) as amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996).

ated removal proceedings against them after IIRIRA's effective date of April 1, 1997, even though it could have initiated deportation proceedings against them prior to IIRIRA's effective date. We lack jurisdiction to hear this issue because, inter alia, we cannot review the Attorney General's decision regarding commencement of proceedings. 8 U.S.C. § 1252(g); *Richards–Diaz v. Fasano,* 233 F.3d 1160, 1164 n. 5, 1165 (9th Cir.2000); *see also Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 482–83, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999).

■ (2) Even if we otherwise had jurisdiction, we could not consider the Mendozas' arguments because they were not raised before the BIA. As such, the Mendozas failed to exhaust their administrative remedies and that deprives this court of jurisdiction. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994); *Tejeda–Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980).

Petition DISMISSED.