**Emil AYED, Petitioner,**

v.

**IMMIGRATION NATURALIZATION AND SERVICES, Respondent.**

No. 01–71447.
INS No. A70–635–736.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before BRIGHT,** GOODWIN, and TASHIMA, Circuit Judges.

### MEMORANDUM***

Contending that the Board of Immigration Appeals ("BIA") applied the stop-time rule under the Illegal Immigration Reform Act and Immigrant Responsibility Act of 1996 ("IIRIRA") in an unauthorized retroactive manner, Emil Ayed petitions for review of the BIA denial of his application for suspension of deportation. Because our decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001), makes it clear that application of the stop-time rule to Ayed was proper, given Congress' unambiguous intent to apply that rule retroactively, we deny the petition for review.

In *Ram*, the INS served aliens with Orders to Show Cause ("OSC") in May 1988, charging them with being deporta-

ble. *Id.* at 512. The Immigration Judge ("IJ") found them deportable and denied their petitions for asylum and withholding of deportation. *Id.* After exhausting their administrative appeals, the aliens then petitioned for review to this court, and we denied their petition on January 12, 1995. *Id.* Claiming that suspension of deportation was appropriate because they had attained seven years of continuous physical presence since their deportation proceedings had commenced, the aliens in *Ram* had asked the BIA to reopen their deportation proceedings in November 1994 (while their first petition to the Ninth Circuit was pending) to apply for suspension of deportation. *Id.* The BIA denied their motion for lack of extreme hardship and the aliens again petitioned for review to the Ninth Circuit. In February 1997 (*before* IIRIRA took effect), we reversed and remanded the BIA decision for further consideration of the evidence going to "extreme hardship." *Id.* Deciding the case on remand *after* IIRIRA's effective date, "the BIA summarily denied [the aliens'] motion on the sole ground that they had not satisfied IIRIRA's new stop-time rule." *Id.* at 512.

The aliens in *Ram* then petitioned again for review to this court, arguing, *inter alia*, that: (1) "the stop-time rule d[id] not apply to OSCs where an alien seeks suspension of deportation"; and (2) the BIA's "application of the stop-time rule ... was impermissibly retroactive." *Id.* We concluded that IIRIRA § 309(c)(5)(A), as amended by NACARA § 203(a), "generally applies the stop-time rule to transitional rule aliens whose deportation proceedings are initiated with the service of an OSC and who seek suspension of deportation."

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ram,* 243 F.3d at 516. We also held that application of the stop-time rule to the aliens in *Ram* was not impermissibly retroactive and did not violate due process, given Congress' unambiguous intent to apply that rule retroactively to cases heard by an IJ or on appeal after April 1, 1997. *Id.* at 517–18.

The facts presented here are not significantly distinct from those in *Ram.* Ayed asserts continuous physical presence in the United States since September 1989. On July 21, 1995, the INS served him with an OSC, charging him with being deportable for overstaying his visa. Properly applying pre-IIRIRA law, the IJ denied his application for suspension of deportation on March 10, 1997 for lack of "extreme hardship." Ayed appealed the IJ's decision to the BIA. The BIA heard Ayed's case *after* IIRIRA's effective date. As in *Ram,* IIRIRA's transitional rules govern Ayed's case because the INS had commenced deportation proceedings against him before that date but no final order of deportation had been entered prior to October 30, 1996. *See Hose v. INS,* 180 F.3d 992, 994 (9th Cir.1999) (en banc). Also as in *Ram,* the BIA summarily denied Ayed's petition for suspension of deportation because he could not meet the seven-year continuous physical presence requirement under the stop-time rule, which prevented him from accruing time toward that requirement after he was served with the OSC on July 21, 1995.

Thus, under *Ram,* the BIA's application of the stop-time rule to Ayed did not violate due process. *Cf. Guadalupe–Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001); *Otarola v. INS,* 270 F.3d 1272 (9th Cir.2001);

*Castillo–Perez v. INS,* 212 F.3d 518 (9th Cir.2000).

**DENIED.**