NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIKTORAS SUSTRETOVAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1078 <br><br> Agency No.    A055-049-372 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
San Francisco, California

Before: FRIEDLAND, R. NELSON, Circuit Judges, CARDONE, [***] District
Judge

Petitioner Viktoras Sustretovas petitions for review of an order of the

Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

denial of his application for withholding of removal under the Immigration and

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

Nationality Act (INA). We have jurisdiction under 8 U.S.C. § 1252, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and we deny the petition.[1]

When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, we review the decision of the Board, "except to the extent [that] the IJ's opinion is expressly adopted." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).

To demonstrate eligibility for withholding of removal, an applicant must demonstrate that a protected ground is at least "a reason" for the harm he will likely suffer. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). We review the agency's findings of fact regarding the motivations of the applicant's persecutors for substantial evidence. *Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009). Under this standard, an agency's findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

We do not need to address the merits of the IJ's adverse credibility finding

---

[1] Sustretovas's opening brief does not raise a claim for relief under the Convention Against Torture (CAT). Thus, this claim is waived on appeal, and we do not address it. *Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1189 n.1 (9th Cir. 2015). Additionally, Sustretovas failed to appeal the IJ's determination that he is ineligible for asylum due to his conviction for an aggravated felony offense; therefore, he failed to administratively exhaust the issue under 8 U.S.C. § 1252(d)(1).

because the Board's conclusion that, even crediting his testimony,[2] Sustretovas failed to establish eligibility for relief on account of a protected ground is supported by substantial evidence. *See, e.g.*, *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims."); *Hose v. INS*, 180 F.3d 992, 995 n.2. (9th Cir. 1999) (declining to decide issue unnecessary to case resolution); 8 U.S.C. § 1101(a)(42).

Even assuming Sustretovas did not forfeit through lack of adequate briefing a challenge to the BIA's holding that the harm he fears lacks a nexus to a protected ground, substantial evidence supports the conclusion that Sustretovas failed to provide any objective direct or circumstantial evidence that he suffered persecution on account of any political opinion or particular social group. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (noting that persecution is an extreme concept meaning "something considerably more than discrimination or harassment," and not "every sort of treatment our society regards as offensive" (quotation marks and citations omitted)).

Sustretovas did not testify that he himself holds any political opinion or was harmed based off one imputed to him because of any disagreement with the

---

[2] Given that we need not reach Sustretovas's challenge to IJ's the adverse credibility determination, we do not consider the part of that challenge arguing that the IJ's approach to evaluating Sustretovas's credibility violated due process.

Lithuanian government. He testified that as a child he was approached by a Lithuanian skinhead group and was beaten up when he refused to join them; however, he pointed to no evidence that this was due to any political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

Sustretovas also fails to assert any harm on account of alleged mixed ethnicity. His father, who is ethnically Russian, testified before the IJ that he suffered extortion after opening a small car repair garage shop, but there is no evidence that this was on account of either his or Sustretovas's ethnicity.

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.