Cesar Agusto ARREAZA–
CRUZ, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 93–70215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1994.

Memorandum Sept. 22, 1994.

Order and Opinion Nov. 9, 1994.

K. Kerry Yianilos, San Diego, CA, for petitioner.

Carl H. McIntyre, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: BROWNING, FARRIS and LEAVY, Circuit Judges.

### ORDER

The memorandum disposition filed September 22, 1994, is redesignated as an authored opinion by Judge Farris.

### OPINION

FARRIS, Circuit Judge.

Cesar Agusto Arreaza–Cruz appeals the decision of the Board of Immigration Appeals affirming the Immigration Judge's deportation order. We dismiss the appeal for lack of jurisdiction.

### BACKGROUND

The INS charged petitioner Arreaza with deportability under 8 U.S.C. § 1251(a)(1) for entering the U.S. without inspection. At a Master Calendar deportation hearing, Arreaza conceded deportability through his attorney, George Siddell, but requested political asylum. The Immigration Judge granted Arreaza nine weeks to submit an application for political asylum. Arreaza failed to submit his asylum application. He also failed to apply for relief under the "ABC" settlement agreement in *American Baptist Churches v.*

*Thornburgh,* 760 F.Supp. 796 (N.D.Cal.1991). On December 2, 1992, the Board of Immigration Appeals issued an order finding that Arreaza was deportable as charged. The BIA afforded Arreaza thirty days in which to depart voluntarily, after which the INS could forcibly deport Arreaza. The BIA did not serve Arreaza with the order. Instead, the BIA served Arreaza's attorney of record, George Siddell. Arreaza asserts that Siddell never informed him of the order.

Arreaza did not depart. On January 25, 1993, the INS sent Arreaza a deportation warrant stating that he could be deported "at any time and without further notice." Arreaza asserted that he did not receive the deportation warrant. Arreaza was arrested February 23, 1993.

On February 24, 1993, attorney Kerry Yianilos agreed to represent Arreaza. Yianilos telephoned Officer Leggs at the INS Detention Facility, informing Officer Leggs that Yianilos was filing a petition for review in the Ninth Circuit. She then faxed a copy of the petition to Officer Leggs. She also sent the petition for review to the Ninth Circuit via overnight mail and sent a copy of the petition to the Office of Immigration Litigation in Washington, D.C. via first class mail. The INS deported Arreaza at 11:35 pm on February 24, 1993. The petition for review was filed with the Ninth Circuit on February 26, 1993.

### ANALYSIS

**I. The *Mendez* exception to Section 1105a(c)**

Section 1105a(c) of the Immigration and Nationality Act provides:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order.

8 U.S.C. § 1105a(c). Arreaza was deported on February 24, 1993. He has therefore departed from the United States.

We recognize a limited exception to the general rule that a deported alien may not petition for review of his deportation order. In *Mendez v. INS,* 563 F.2d 956, 958

(9th Cir.1977), we held that when an alien's departure from the United States is effected by the government, the term "departure" in § 1105a(c) means a "legally executed" departure. We must therefore determine whether Arreaza's departure was "legally executed."

## II. Required notice prior to deportation

■ The execution of a deportation order is governed by 8 C.F.R. § 243.3. That section provides that "once an order of deportation becomes final, an alien shall be taken into custody and the order shall be executed." 8 C.F.R. § 243.3(a). An order of deportation is final, and subject to execution, on the date that "[a] grant of voluntary departure expires." *Id.* Since Arreaza's grant of voluntary departure expired on January 1, 1993, the deportation became subject to execution on that date.

■ Arreaza contends that INS regulations required the INS to wait 72 hours after his arrest before deporting him. The regulations contain no such requirement. INS regulations provide that a final deportation order "shall be executed no sooner than 72 hours after *service of the decision,* regardless of whether the alien is in Service custody." 8 C.F.R. § 243.3(b). Section 243.3(b) makes clear that the 72-hour period begins to run when the deportation order is served, not when the alien is taken into custody.

Arreaza relies on a passage in the Federal Register discussing the 1986 amendments to § 243.3. The passage states:

> As an alternative, implementation of the revised regulation [i.e. § 243.3] will institute procedures whereby the Service will assume custody of the alien respondent at the time of issuance of a final order of deportation by the immigration judge, or appellate tribunal or court of last resort. Upon assumption of custody, the respondent will be held a minimum of 72 hours prior to removal by the Service, to ensure that due process is accorded the detainee.

51 Fed.Reg. 23041 (1986). The Federal Register makes clear that, if the alien is taken into custody *at the time* of the issuance of the final order, he must be held a minimum of 72 hours prior to deportation. Here, Arreaza was taken into custody over seven weeks after the deportation order became final.

■ Arreaza also argues that he was not served with and did not receive notice of the Board of Immigration Appeals' final deportation order. Arreaza did not have to be personally served with the order. Service upon Arreaza's attorney of record, George Siddell, was sufficient. *See* 8 C.F.R. § 292.5. Arreaza acknowledges that Siddell was served with the deportation order.

■ Arreaza also contends that he did not receive the January 25, 1993, warrant of deportation. Whether Arreaza received the warrant is irrelevant since 8 C.F.R. § 243.3 authorized the execution of the Board of Immigration Appeals' final deportation order at the expiration of Arreaza's voluntary departure period. Arreaza has failed to cite any INS regulations that require service of a deportation warrant (as opposed to a deportation order) before an alien is deported.

■ Finally, we recognize that in *Zepeda–Melendez v. INS,* 741 F.2d 285, 289 (9th Cir.1984), we held that the INS's deportation of an alien without notice to his counsel violated the alien's statutory right to counsel under 8 U.S.C. § 1252(b). We noted that "[a]t a minimum, an alien's counsel must be made aware of the alien's deportation in order to provide representation." *Id.* Unlike the alien in *Zepeda–Melendez,* however, Arreaza was granted 30 days to depart voluntarily. Further, he was not arrested for over seven weeks *after* his voluntary departure period had expired. Arreaza had ample time to contact his counsel and file a petition for review, thereby staying his deportation pending review by this court. We decline to extend our holding in *Zepeda–Melendez* to cases where an alien is given time to depart voluntarily.

## III. Obtaining a Stay of the Deportation Order

As an alternative argument, Arreaza contends that the deportation order should have been stayed on the date that he mailed his petition for review to this court. Section 1105a(a)(3) provides the procedural mecha-

nism for staying a deportation order pending judicial review:

> Service of the petition to review shall be made upon the Attorney General of the United States and upon the official of the Immigration and Naturalization Service in charge of the Service district in which the office of the clerk of the court is located. The service of the petition for review upon such official of the Service shall stay the deportation of the alien pending determination of the petition by the court....

8 U.S.C. § 1105a(a)(3).

█ Arreaza faxed his petition for review on the night of February 24 to Officer Leggs, the supervisor of the INS Detention Facility in Los Angeles. That fax, however, did not constitute service on the official listed in § 1105a(a)(3), i.e. the INS official "in charge of the Service district in which the office of the clerk of the [Ninth Circuit] is located." Arreaza's deportation was not stayed.

## IV. Ineffective Assistance of Counsel

█ Arreaza contends that he was deprived of effective assistance of counsel before both the immigration judge and the Board of Immigration Appeals. We recognize that in *Thorsteinsson v. INS*, 724 F.2d 1365 (9th Cir.1984), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984), we reviewed an ineffective assistance of counsel claim to determine whether an alien's deportation had been lawfully executed. We are unable to conduct such review in this case. Unlike the alien in *Thorsteinsson*, Arreaza failed to raise his ineffective assistance of counsel claim before the Board of Immigration Appeals. Arreaza should have raised the claim prior to his deportation in a motion to reopen, which he had ample time to file. *See Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985).

APPEAL DISMISSED.