122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edwin Donald NURINDA-VADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edwin Donald Nurinda-Vado, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen to apply for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992). We must uphold the BIA's denial of reopening unless the BIA acted "arbitrarily, irrationally, or contrary to law." Lainez-Ortiz v. INS, 96 F.3d 393, 395 (9th Cir.1996).
 
 
 4
 Nurinda-Vado contends that the BIA abused its discretion by denying his motion to reopen on the basis of his failure to surrender as ordered because the BIA mailed the notice to surrender to him at the wrong address. We disagree.
 
 
 5
 A motion to reopen may be denied as a matter of discretion for flagrant violations of the immigration laws. See INS v. Rios-Pineda, 471 U.S. 444, 451 (1985). Failure to surrender for deportation is a factor militating against reopening of deportation proceedings. See Segueira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997). Notice of a final deportation order served on the alien's attorney of record constitutes notice to the alien. See Arreaza-Cruz v. INS, 39 F.3d 909, 911 (9th Cir.1994).
 
 
 6
 The Immigration and Naturalization Service properly sent the notice to surrender to Nurinda-Vado's attorney of record by certified mail. See Arreaza-Cruz, 39 F.3d at 911; see also 8 C.F.R. § 292.5 (stating that whenever alien is required to be given notice, such notice shall be given to attorney of record, or alien if unrepresented). Thus, the BIA did not abuse its discretion in denying Nurinda-Vado's motion to reopen on the basis of his failure to surrender. See Lainez-Ortiz, 96 F.3d at 395.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3