129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lita Po SY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Oct. 23, 1997.
 
 Petition to Review a Decision of the Immigration arid Naturalization Service.
 Before: SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner must establish either past persecution or a well-founded fear of future persecution on the basis of race (ethnic Chinese) to establish eligibility for a discretionary grant of asylum. See Lopez-Galarza v. INS, 99 F.3d 954, 958 (9th Cir.1996). She fails to do either. 840 F.2d 723, 726-27 (9th Cir.1938)) (other citations omitted). A petitioner alleging past persecution must also "present some evidence, direct or circumstantial, of the persecutor's motive." Lopez-Galarza, 99 F.3d at 959. The Petitioner's alleged incidents of past persecution either occurred many years before she left the Philippines or took place under circumstances indicative of general criminal intent, rather than targeted persecution based on her ethnic Chinese status. Because Petitioner has failed to present specific facts with objective evidence to prove past persecution on account, of her race, see Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987), the BIA did not abuse its discretion in finding that she did not establish past persecution. See id.
 
 
 3
 Petitioner also fails to demonstrate a well-founded fear of future persecution based on her race. The BIA found that Petitioner did not herself suffer persecution, and that any persecution suffered by her relatives was on account of economic status rather than race. The record does not compel contrary findings. See Elias-Zacarias v. INS, 502 U.S. 478 (1992). Moreover, the record indicates that the NPA is no longer active in most of the Philippines. Thus, the BIA's decision to affirm the IJ is supported by substantial evidence and there is no error. See Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996).
 
 
 4
 Because the standard for withholding deportation is higher than the standard for asylum, and because Petitioner failed to meet the lower standard for a grant of asylum, the BIA's denial of withholding of deportation is supported by substantial evidence. See Mejia-Paiz v. INS, 111 F.3d 720, 725 (9th Cir.1997).
 
 
 5
 Petitioner also fails to demonstrate the requisite "extreme hardship" to be entitled to suspension of deportation. See 8 U.S.C. § 1254(a). Petitioner has not established that she would be unable to find a job in the Philippines simply by arguing that there are fewer jobs in general. See Perez, 96 F.3d at 392 (a less vibrant economy is not an extreme hardship). Furthermore, Petitioner's separation from her adult children and her mother who reside in the United States, does not constitute a hardship that is "unusual or beyond that which would normally be expected" upon deportation. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 6
 Petitioner also asserts a claim of ineffective assistance of counsel for the first time on appeal. Petitioner did not raise this claim before the BIA, and therefore, this court is precluded from hearing it now. See Arreaza-Cruz v. INS, 39 F.3d 909, 912 (9th Cir.1994).
 
 
 7
 The Petition is DENIED.
 
 
 8
 Petitioner's experience of past persecution is limited to the destruction of her father's shoe store when she was a young girl and the robbery of her necklace in 1985. We have defined persecution as " 'the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.' " Id. at 959 (quoting Desir v. Ilchert,
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3