Ghatas KASEH, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,* Respondent.

No. 01–70306.
INS No. A70–639–503.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 **.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM ***

Ghatas Kaseh, a native and citizen of Syria, petitions for review of the final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of deportation.

---

* The court sua sponte changes the caption to reflect that the Immigration and Naturalization Service is the proper respondent. 8 U.S.C. § 1252(b)(3)(A) applies only to removal proceedings initiated on or after April 1, 1997.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We review de novo claims of due process violations in deportation proceedings, *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994), and we deny the petition for review.

Kaseh contends for the first time on petition for review that he received ineffective assistance of counsel. We lack jurisdiction to review this contention because Kaseh failed to exhaust his administrative remedies by raising the issue before the BIA. *See Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994); *see also Matter of Lozada*, 19 I. & N. Dec. 637, 639, *aff'd*, 857 F.2d 10 (1st Cir.1988).

Because he received a full and fair hearing and he failed to establish that a procedural violation affected the outcome of his deportation hearing, Kaseh's due process contention lacks merit. *See Getachew*, 25 F.3d at 845.

PETITION FOR REVIEW DENIED.

