**Mangesha LIMENEW, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–71511.

INS No. A73 413 830.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Dec. 5, 2002.

MEMORANDUM ***

Mengensha Limenew ("Petitioner") seeks review of the Board of Immigration Appeals' ("BIA's") affirmance of the Immigration Judge's ("IJ's") decision that Petitioner was not entitled to asylum. The final order of deportation was entered on June 25, 2001. The appeal to this court was filed on September 17, 2001. The transitional rules of the IIRIRA apply, mandating a 30–day time period for appeal. We dismiss the petition for review for want of jurisdiction.

(1) The time limit for filing a petition for review of a decision of the BIA is mandatory and jurisdictional. *See, e.g., Lee v. INS,* 685 F.2d 343 (9th Cir.1982). Mandatory and jurisdictional time limits are "not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on unique circumstances." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (internal quotations omitted). The only circumstances deemed, thus far, to be "unique" are those in which there has been official misleading. As this court put it in *Hernandez–Rivera v. INS,* 630 F.2d 1352, 1355 (9th Cir.1980), "where there has been an official misleading [i.e., by a court or administrative tribunal] as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional limits." Ineffective assistance of counsel is not such a "unique circumstance." Cf. *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042 (9th Cir.2000).

(2) Petitioner's claim that refusing to hear his petition for review despite his counsel's incompetence would violate due process does not confer appellate jurisdiction on this court. Such a claim does not justify ignoring a mandatory and jurisdictional time limit on an appellate remedy. Cf. *id.* It can be raised, if at all, in a habeas proceeding. *Id.*

(3) Even if we possessed jurisdiction to entertain the petition for review, we could not properly address either (a) Petitioner's claim of ineffective assistance of counsel in the proceeding before the BIA, based on counsel's failure to raise the Convention Against Torture, or (b) the merits of Petitioner's Convention Against Torture claim. This ineffective assistance of counsel claim

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

must be raised with the BIA before we may review it. *Liu v. Waters,* 55 F.3d 421, 424 (9th Cir.1995); *Arreaza–Cruz v. INS,* 39 F.3d 909, 912 (9th Cir.1994). The Convention Against Torture claim should be raised in a motion to reopen. The relevant section of the rules provides that, for aliens in proceedings on or after March 22, 1999, the Convention Against Torture is simply another basis for asylum. *See* 8 C.F.R. §§ 208.18(b), 208.16(c). It should be treated the same as any other justification for an asylum claim; it must be raised with the BIA before it can be considered by a Court of Appeals. *See, e.g., Vargas v. U.S. Dep't of Immigration & Naturalization,* 831 F.2d 906, 907 (9th Cir.1987).

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.