Ana Delia DE PAZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70286.
INS No. A75–306–469.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

### MEMORANDUM**

De Paz challenges a final order of removal issued by the Board of Immigrations Appeals on June 15, 2001. Specifically, De Paz asserts that the BIA violated her due process rights by issuing a decision before she filed a brief and before sending her a transcript of the hearing before the Immigration Judge. De Paz also asserts that she was denied effective assistance of counsel.

An alien "is entitled to a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). The BIA violates an alien's due process rights if a proceeding is "so fundamentally unfair that [an] alien [is] prevented from reasonably presenting [her] case." *Id.* (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)). To prevail on a due process claim, an alien must "show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.*

■ De Paz asserts that she was prejudiced because the BIA decided the issues involved in her cases "without any significant input from [her]." De Paz, however, has not identified any information she would have presented to the BIA that was not before the BIA when it made its decision. Nor has De Paz explained how the outcome of her case would have been different in any way had the BIA sent her a transcript of the hearing before the IJ or had her counsel filed a brief before the BIA made its decision. De Paz, therefore, has failed to demonstrate that she suffered prejudice, and her due process claim fails. *Id.*

■ De Paz's ineffective assistance of counsel claim also fails. De Paz did not raise her ineffective assistance of counsel claim before the BIA. Therefore, we lack jurisdiction to consider this claim. *Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994) (holding court lacks jurisdiction to consider ineffective assistance of counsel claim that was not presented to the BIA).

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.