**Balwinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70546.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM **

Balwinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Singh's testimony that he was involved in only the religious aspects of the Sikh cause, not the political arm of the movement, was inconsistent with his declaration, which asserted that he was a "freedom fighter" and active in the Sikh cause for a separate Khalistan. This inconsistency goes to the heart of Singh's claim because his activism formed the basis of his alleged arrests and persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001).

Moreover, substantial evidence supports the IJ's determination that Singh's testi-

mony regarding his third arrest did not establish persecution on account of an enumerated ground. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1250 (9th Cir.2003).

We do not consider Singh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

