**Kamaljit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71492.

Agency No. A73–164–261.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Patrick O. Cantor, Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Terri J. Scadron, Efthimia S. Pilitsis, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Kamaljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw. v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000). We deny the petition.

Substantial evidence supports the BIA's adverse credibility finding because the inconsistencies in Singh's testimony go to the heart of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies are not minor when they relate to the basis for petitioner's allege fear of persecution). Moreover, we give weight to the IJ and BIA's demeanor determination that Singh appeared "evasive, halting, and confused," and "fidgeted" with his hands. *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Cir.1999) (according special deference to the IJ's eye-witness observations of a petitioner's demeanor).

Because Singh failed to establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Contrary to Singh's contention, the BIA adequately articulated its reasons for denying relief. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995).

We cannot consider Singh's assertion that he was eligible for a discretionary grant of asylum because he failed to exhaust this issue before the BIA. *See Arreaza–Cruz v. INS,* 39 F.3d 909, 912 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**