Alex Chijindu GODWIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71570.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.[*]

Decided Oct. 29, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alex Godwin, El Centro, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., Cindy S. Ferrier, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Alex Chijindu Godwin, a native and citizen of Nigeria, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

The IJ found Godwin not credible, and also found that he failed to establish past persecution or a well-founded fear of future persecution.

█ Even assuming Godwin was credible, the record does not compel the conclusion that Godwin established past persecution because he did not testify to being personally harmed or threatened on account of his religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

█ The record also does not compel the conclusion that Godwin established a well-founded fear of future persecution because he failed to show that his family members, who suffered isolated incidents of harm, would be linked to him, *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding that "violence must create a pattern of persecution closely tied to the petitioner"), and his fear based on having a Christian name is too speculative, *Nagoulko*, 333 F.3d at 1016. Substantial evidence supports the IJ's determination that Godwin could safely relocate to the southern part of Nigeria, which is predominantly Christian. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir.2003).

Because Godwin failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

█ Substantial evidence supports the IJ's conclusion that Godwin is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he would be tortured upon return to Nigeria. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

█ We do not consider Godwin's requests to reinstate his permanent resident status and to declare unconstitutional his prior removal from the United States due to ineffective assistance of counsel, because these issues were not exhausted before the IJ and BIA. *See Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994). We also do not consider Godwin's due process contention, raised for the first time in his reply brief, concerning ineffective assistance of counsel. *See Vargas v. INS*, 831 F.2d 906, 907 (9th Cir.1987) (holding no jurisdiction to hear due process claims concerning procedural errors correctable by the BIA).

Godwin's contention that the BIA improperly issued a decision without opinion is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.