**Barinder SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–72544.

Agency No. A73–416–063.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Francesco Isgro, Attorney, Julia Doig Wilcox, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM\*\*\*

Barinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review an adverse credibility finding for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony concerning when he first became politically active, how often he engaged in political activity, and the type of activities in which he participated, was internally inconsistent and, in several areas, vague. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Singh has not shown that any of the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

We do not consider Singh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Arreaza–Cruz v. INS,* 39 F.3d 909, 912 (9th Cir.1994).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), Singh's voluntary departure period will begin to run on the issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.