**Rajinder SINGH, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71569.
Agency No. A76–858–140.

United States Court of Appeals,
Ninth Circuit.

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted April 4, 2005.**

Decided April 13, 2005.

Earle A. Sylva, George T. Heridis, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Alison Marie Igoe, Brenda M. O'Malley, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

### MEMORANDUM***

Rajinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's and BIA's decisions. Singh's testimony was internally inconsistent, contradictory and inconsistent with his application and written declaration concerning, *inter alia*, his police contacts, political associations, and his reasons for leaving India. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to credibility determinations. *See Malhi,* 336 F.3d at 993.

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

■ We do not consider Singh's Convention Against Torture claim because he failed to exhaust this issue before the BIA. *See Arreaza–Cruz v. INS,* 39 F.3d 909, 912 (9th Cir.1994).

**PETITION FOR REVIEW DENIED.**