**Thorsteinn Laufkvist THORSTEINSSON, Ragnheidur Qudradsdottir and Ragnheidhur Thorsteinsson, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 82–7720.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1983.

Decided Jan. 3, 1984.

Rehearing Denied Feb. 6, 1984.

Certiorari Denied May 21, 1984.
See 104 S.Ct. 2386.

Elliot Glicksman, Tucson, Ariz., for petitioners.

Don B. Overall, Tucson, Ariz., Michael J. Creppy, Office of Immigration Litigation, Civ.Div., U.S. Dept. of Justice, Washington, D.C., on brief and argued, for respondent.

Before WALLACE, SCHROEDER, and FERGUSON, Circuit Judges.

WALLACE, Circuit Judge:

Three Icelandic citizens (the Thorsteinssons) petition for review of an order of the Board of Immigration Appeals (the Board) denying their motion to reopen their prior deportation proceedings. Because the Thorsteinssons failed to exhaust their administrative remedies and departed from the United States before seeking judicial review of the Board's order, we conclude that we lack jurisdiction to hear this petition.

I

The Thorsteinssons are natives and citizens of Iceland. Following two vacations in the United States, the Thorsteinssons decided to immigrate to this country. They

---

claim to have sought advice about immigration from personnel at the United States embassy in Reykjavik, Iceland. According to the Thorsteinssons, the embassy personnel told them that investing in American business would be the best way to obtain immigrant visas. In February 1978, the Thorsteinssons entered the United States with nonimmigrant visas and invested substantial sums in an Arizona business. They applied to become lawful permanent residents of the United States. The Thorsteinssons claim the embassy personnel in Iceland told them that they would obtain their immigrant visas approximately twelve to fourteen months after making their application. The Thorsteinssons state they entered the United States believing they would be able to obtain extensions of their nonimmigrant visas until they received immigrant visas. In March 1980, approximately two years after the Thorsteinssons' entry into the United States, the Immigration and Naturalization Service (INS) denied their request for further extension of stay in the United States.

The Thorsteinssons did not depart by the specified time and faced a deportation hearing in August 1980. At the hearing, their counsel conceded deportability and informed the immigration judge that the Thorsteinssons had entered into a stipulation with the INS allowing them nine months in which to depart voluntarily from the United States. The immigration judge ratified the stipulation, finding the Thorsteinssons deportable and granting them nine months to leave the United States. The Thorsteinssons did not appeal the immigration judge's decision. Following a sixty-day extension of their voluntary departure period, the Thorsteinssons left the United States.

Less than three weeks later, the Thorsteinssons attempted to reenter the United States as nonimmigrant visitors. They were paroled into the United States pending a review of their immigrant files. At an exclusion hearing, the Thorsteinssons appeared with new counsel and attempted to reopen their deportation proceedings. They claimed that their previous counsel's failure to raise a defense based on equitable estoppel denied them effective assistance of counsel in violation of their due process rights and rendered their prior deportation hearings a gross miscarriage of justice. The immigration judge held that the deportation proceedings could not be ordered reopened in the exclusion hearing because the Thorsteinssons were technically outside of the United States.[1] The judge also held the Thorsteinssons excludable because they were immigrants without proper visas. The Board affirmed the immigration judge's actions and denied the Thorsteinssons' request to reopen their deportation proceedings.

The Thorsteinssons first sought judicial review by filing a writ of habeas corpus in the United States District Court pursuant to 8 U.S.C. § 1105a(b). The district court concluded it lacked jurisdiction to reopen the deportation proceedings in its habeas corpus review of the exclusion hearing. The Thorsteinssons then filed the present petition for review of the Board's denial of their request to reopen the deportation proceedings.

## II

The admission and exclusion of aliens is a matter vested almost exclusively in the executive and legislative branches of the federal government. *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977); *Ventura-Escamilla v. INS,* 647 F.2d

---

1. The immigration laws create two types of proceedings in which aliens can be denied the hospitality of the United States: deportation hearings and exclusion hearings. "The deportation hearing is the usual means of proceeding against an alien already physically in the United States, and the exclusion hearing is the usual means of proceeding against an alien outside the United States seeking admission."

*Landon v. Plasencia,* 459 U.S. 21, 103 S.Ct. 321, 325, 74 L.Ed.2d 21 (1982) (citations omitted). Although the INS may "parole" a nonresident alien into the United States pending determination of the alien's admissibility, the alien is still deemed to be outside of the United States. 1 C. Gordon & H. Rosenfield, *Immigration Law and Procedure,* § 2.54 (1983).

28, 30 (9th Cir.1981). Accordingly, judicial review in immigration cases is limited to those matters "authorized by treaty or by statute, or ... required by the paramount law of the Constitution." *Hampton v. Mow Sun Wong,* 426 U.S. 88, 101 n. 21, 96 S.Ct. 1895, 1904 n. 21, 48 L.Ed.2d 495 (1976), *quoting Fong Yue Ting v. United States,* 149 U.S. 698, 713, 13 S.Ct. 1016, 1022, 37 L.Ed. 905 (1893). Under section 106(c) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1105a(c), our review of deportation proceedings is extremely limited.

> An order of deportation or of exclusion *shall not be reviewed by any court* if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

*Id.* (emphasis added). A similar administrative regulation precludes immigration judges and the Board from considering a motion to reopen deportation proceedings after an alien has departed from the United States. 8 C.F.R. § 3.2 (1983).

Although the Thorsteinssons voluntarily left the United States, they were "deported" for purposes of the Act. 8 U.S.C. § 1101(g). They remained technically outside of the country during their "parole" pending the resolution of their exclusion proceedings. *See* 1 C. Gordon & H. Rosenfield, *supra* note 1, at § 2.54. It is also clear that they failed to exhaust their administrative remedies by not appealing the immigration judge's order in their deportation proceedings. Judicial review of their deportation order thus appears to be precluded by the plain language of 8 U.S.C. § 1105a(c). *See Ramirez-Juarez v. INS,* 633 F.2d 174, 176 (9th Cir.1980); *Hernandez-Almanza v. United States Dept. of Justice,* 547 F.2d 100, 103 (9th Cir.1976); 2 C. Gordon & H. Rosenfield, *supra* note 1, at § 8.8, pp. 8–57 to 8–58 (1983). *Cf. Braude v. Wirtz,* 350 F.2d 702, 706 (9th Cir.1965) (nonresident aliens have no standing to seek judicial review of administrative actions under the Act).

In *Mendez v. INS,* 563 F.2d 956 (9th Cir.1977), we recognized a limited exception to the general rule that nonresident aliens may not seek judicial review of their deportation proceedings. *Mendez* involved a "wrongful" deportation of a permanent resident alien without notice to his counsel. We held that this deportation in derogation of the right to counsel established by 8 U.S.C. § 1252(b) was not a "departure" for purposes of 8 U.S.C. § 1105a(c). Instead, we concluded that departure sufficient to preclude subsequent judicial review meant "legally executed" departure and not "departure in contravention of due process." *Id.* at 958. Thus, an alien outside of the United States may petition for judicial review of his deportation when his departure was not "legally executed." *Estrada-Rosales v. INS,* 645 F.2d 819, 820–21 (9th Cir.1981).

The Thorsteinssons assert that their departure was not legally executed because their first attorney's failure to raise the doctrine of equitable estoppel at their deportation hearing denied them effective assistance of counsel in violation of their due process rights. *See Paul v. United States Immigration and Naturalization Service,* 521 F.2d 194, 198 (5th Cir.1975). We disagree. In concluding that the Thorsteinssons were not denied effective assistance of counsel, the Board's order discussed at length the applicability of the estoppel defense to the facts of the present case. The briefs of the Thorsteinssons and the INS also dispute the applicability and merit of the estoppel defense. We find it unnecessary to resolve these issues. Under the circumstances of this case, the failure of the Thorsteinssons' attorney to raise the defense of equitable estoppel at their deportation hearing did not impinge upon the fundamental fairness of the deportation proceedings.

In *Rodriguez-Gonzalez v. INS,* 640 F.2d 1139 (9th Cir.1981), we rejected a similar contention of ineffective assistance of counsel. There, the aliens' attorney voluntarily admitted facts sufficient to support their deportation, and focused his attention in-

stead on a labor law defense. We concluded that "[t]his sort of tactical decision, even if in hindsight unwise, does not constitute ineffective assistance." *Id.* at 1142.

In the present case, the Thorsteinssons' first attorney also made a tactical decision not to raise a potential defense. Although the record clearly shows that he was aware of all the facts supporting the arguable defense of equitable estoppel, he chose not to raise that defense. By entering into a stipulation with the INS instead of contesting the Thorsteinssons' deportability, the attorney was able to secure an extended period during which the Thorsteinssons could liquidate their assets in an orderly fashion and still voluntarily leave the country. As in *Rodriguez-Gonzalez,* this tactical decision did not constitute ineffective assistance of counsel. We therefore hold that the Thorsteinssons were not denied due process at their deportation hearing and that their subsequent departure was "legally executed" for purposes of 8 U.S.C. § 1105a(c).

In light of our conclusion that the Thorsteinssons departed from the United States prior to the filing of this petition, we have no jurisdiction to review the Board's order. *Ramirez-Juarez v. INS,* 633 F.2d at 176; *cf. Ventura-Escamilla v. INS,* 647 F.2d at 32 (court may not substitute its judgment for that of the immigration officials in matter where court lacks statutory jurisdiction). We do not, therefore, address the other issues raised by the parties.

The petition for review of the Board's order is DISMISSED.