Cesar Alexander TICAS–AZMITIA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 01–70302.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2002 *.

Decided Aug. 22, 2002.

Before: T.G. NELSON, PAEZ and
TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Cesar Ticas–Azmitia petitions for review of the dismissal of his appeal to the Board of Immigration Appeals ("BIA") of the denial of his motion for reconsideration of an order of removal. Before the BIA, Ticas sought reconsideration of the Immigration Judge's ("IJ") finding that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii)(2000) as a non-citizen convicted of an aggravated felony. He contends that his 1997 conviction as an accessory after the fact is not an aggravated felony under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1252(a)(2)(C)(2000).

We review the denial of a motion to reopen and a summary dismissal by the BIA for an abuse of discretion. *Caruncho*

v. *INS,* 68 F.3d 356, 360 (9th Cir.1995); *Padilla–Agustin v. INS,* 21 F.3d 970, 973 (9th Cir.1994), *overruled on other grounds by Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). We dismiss the petition for lack of jurisdiction because Ticas failed to exhaust his administrative remedies when he waived his right to appeal the removal order.

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." *See also Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999); *Vargas v. United States Dep't of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987). At the removal hearing, when the IJ ordered Ticas removed to El Salvador, Ticas waived his right to appeal to the BIA. After being removed from the United States, Ticas moved the IJ for reconsideration of the removal order. The IJ dismissed his motion, and the BIA subsequently dismissed his appeal. The BIA concluded that under 8 C.F.R. § 3.4, Ticas's removal effected a withdrawal of the appeal.

The panel does have jurisdiction to review whether the BIA properly dismissed the motion to reconsider, because Ticas exhausted his administrative remedies when he filed the motion to reconsider with the IJ and appealed the IJ's dismissal to the BIA. However, we do not have jurisdiction over the claim that Ticas presents for our review. The basis for Ticas's motion to reconsider was that the IJ erred in ruling that Ticas's conviction as an accessory after the fact was an aggravated felony requiring his removal. Because the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

whole of Ticas's appeal is, in effect, an attack on the underlying removal order, we do not have jurisdiction to review it. *See Joo v. INS*, 813 F.2d 211, 212 (9th Cir.1987); *Thorsteinsson v. INS*, 724 F.2d 1365, 1367 (9th Cir.1984). By waiving his appeal from the IJ's order, Ticas failed to exhaust his administrative remedies on that claim. *Id.*[1]

Ticas also contends that the removal order violated his constitutional right to due process. A failure to exhaust administrative remedies will not deprive the court of jurisdiction if the claim is based on a constitutional violation, because adjudication of constitutional claims is not within the scope of the agency's jurisdiction. *See Wang v. Reno*, 81 F.3d 808, 814–16 (9th Cir.1996). The Fifth Amendment guarantees due process in immigration proceedings to individuals subject to deportation. *Agyeman v. INS*, 296 F.3d 871, 876 (9th Cir.2002) (citations omitted). "An alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Id.* at 877 (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000)).

Here, however, there was no due process violation. Ticas had an opportunity to present the claim he raises here in his removal proceeding. He then waived further appeal of those claims. *Mendez v. INS*, 563 F.2d 956, 958–59 (9th Cir.1977), *Estrada–Rosales v. INS*, 645 F.2d 819, 821 (9th Cir.1981), and *Wiedersperg v. INS*, 896 F.2d 1179, 1181 (9th Cir.1990) do not apply. Ticas neither claims that his removal was procedurally irregular, as in *Mendez*, nor that his conviction is invalid, as in *Estrada–Rosales* and *Wiedersperg*. The limited exception set out in those cases does not apply here.

Finally, we disagree that, under 8 C.F.R. § 3.2(a), the BIA had jurisdiction to consider the appeal of the motion to reconsider. Section 3.2(a) states: "The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." Ticas did not raise this issue in his appeal to the BIA, and therefore failed to exhaust his administrative remedies. *See Prado v. Reno*, 198 F.3d 286, 292 (1st Cir.1999). Moreover, at the time that the BIA considered Ticas's appeal, it had not "rendered a decision" and there was nothing to reopen. *Id.*

PETITION DISMISSED.

---

1. Because we conclude that Ticas did not exhaust his administrative remedies with regard to his claim on appeal, we do not reach his argument that the BIA erred in applying 8 C.F.R. § 3.4 to dismiss his appeal.