**Rodolfo Ebalo MENDOZA, Petitioner,**

v.

**John ASHCROFT, Attorney General \* Respondent.**

No. 02–72291.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 27, 2003.

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2).

Before: B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, District Judge.**

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

MEMORANDUM ***

Petitioner Rodolfo Ebalo Mendoza ("Mendoza" or "Petitioner") appeals the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his deportation proceedings.[1] Mendoza argues that the BIA abused its discretion in denying his motion to reopen because (1) his former attorney's failure to appeal his deportation constituted ineffective assistance of counsel and (2) his former attorney's failure to file a petition for an employment-based visa constituted ineffective assistance of counsel.

We find that Petitioner's former counsel's failure to appeal his deportation order to the BIA was ineffective assistance of counsel, preventing Petitioner from presenting his appeal. Therefore, we grant the motion to reopen and remand to the BIA to consider Petitioner's appeal of the Immigration Judge's ("IJ") decision on the merits. Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision.

## I.  BACKGROUND

Mendoza, a native and citizen of the Philippines, entered the United States on March 16, 1990 with a visitor visa. Mendoza overstayed his visa without authorization, but received temporary work authorization. At the time of the deportation proceedings, Mendoza resided with his parents, who are United States citizens; his wife; and his two children, one of whom is a U.S. citizen.

Petitioner's applications for political asylum, withholding of deportation, and suspension of deportation were denied on January 7, 1999, but the IJ granted his application for a voluntary departure. Petitioner reserved appeal of the decision, and the IJ gave the petitioner's attorney, Claro Mamaril ("Mamaril"), papers for filing the appeal. The deadline for filing the appeal was February 8, 1999.

On February 6, 1999, Mamaril telephoned Mendoza and informed the Petitioner that he would file an employment-based visa petition for Mendoza instead of appealing his deportation order. Mendoza asserts that Mamaril did not explain the importance of filing the BIA appeal or the significance of the appeal deadline and that Mendoza told him to do whatever helped his case. Mendoza filed an appeal *pro se* on February 12, 1999, four days after the deadline. The BIA denied the appeal as untimely filed on April 27, 1999. Petitioner filed a motion to reopen with the BIA on May 27, 1999, alleging that ineffective assistance of counsel prejudiced his BIA appeal. On July 1, 2002, the BIA denied Mendoza's motion to reopen, holding that Petitioner's former counsel's decision not to appeal the deportation order, but rather to apply for a work visa, was a "strategical decision". Petitioner timely filed an appeal to this Court.

## II.  JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 8 U.S.C. § 1105a(a) (1994), as amended by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (1996). Jurisdiction is under the transitional rules because Petitioner was placed in deportation proceedings on Sep-

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. IIRIRA replaced "deportation" with "removal" but the former applies to Mendoza under the transitional rules. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir.2003).

tember 4, 1996, before IIRIRA's effective date, but the IJ's decision was issued more than thirty days after IIRIRA's enactment.

BIA decisions on a motion to reopen are reviewed for abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). Claims of ineffective assistance of counsel are reviewed de novo *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1044–45 (9th Cir.2000). The BIA abuses its discretion by denying a motion to reopen when the petitioner received such ineffective assistance of counsel that the deportation proceedings violated his due process rights. *Rodriguez–Lariz,* 282 F.3d at 1227.

## III. DISCUSSION

### A. Procedural requirements for ineffective assistance of counsel claim

■ Under *Matter of Lozada,* a motion to reopen based on a claim of ineffective assistance of counsel (1) "should be supported by an affidavit of the allegedly aggrieved respondent attesting the relevant facts," (2) "former counsel must be informed of the allegations and allowed the opportunity to respond," and (3) "the motion should reflect whether a complaint has been filed with the appropriate disciplinary authorities regarding such representation, and if not, why not." *Matter of Lozada,* 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA 1988). The Ninth Circuit has adopted the *Lozada* requirements absent unusual circumstances. *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000); *Castillo–Perez v. INS,* 212 F.3d 518, 525–26 (9th Cir.2000). Petitioner fulfilled these requirements, submitting an affidavit with his motion to reopen, filing a complaint with the State Bar of California on May 24, 1999, and sending a letter notifying Mamaril of the complaint the same day.

### B. Petitioner's BIA appeal

■ Although there is no constitutional right to counsel in deportation proceedings, *Castro–Nuno v. INS,* 577 F.2d 577, 578 (9th Cir.1978), ineffective assistance of counsel in a deportation proceeding can be a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985); *Magallanes–Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986). Petitioner must show both error and prejudice to succeed in a claim of ineffective assistance of counsel. *Lata,* 204 F.3d at 1246. Error can be shown by alleging facts that allow the court to infer that competent counsel would have acted otherwise. *Mohsseni Behbahani v. INS,* 796 F.2d 249, 251 (9th Cir.1986). Prejudice can be shown by establishing that counsel's inadequate performance may have affected the outcome of the proceedings. *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999).

#### 1. Error

The BIA suggests that the fact that the attorney did not file the BIA appeal undercuts Petitioner's assertion that his former attorney had agreed to file the appeal. However, Petitioner's assertion that Mamaril agreed to file an appeal is supported by Petitioner's affidavit, his retention of counsel, his lack of expertise in immigration law, counsel's possession of the appeals forms, and Mamaril's last minute telephone call to inform Petitioner that he would not file the appeal.

The Board made no finding of fact as to whether there was an agreement, holding that even if Mamaril had agreed to

file an appeal, Mendoza did not establish ineffective assistance because not filing the appeal was a "strategical decision." Litigants generally are bound by their lawyers' litigation strategies, even if unwise in hindsight. *Rodriguez–Gonzalez v. INS*, 640 F.2d 1139 (9th Cir.1981); *Thorsteinsson v. INS*, 724 F.2d 1365, 1368 (9th Cir.1984).

Mamaril's actions cannot be construed fairly as a litigation strategy, because not appealing Mendoza's deportation order was clearly unwise under the circumstances. When the time for appeal expired, two days after Mamaril's telephone call, Mendoza was subject to a final order of deportation and became ineligible to receive an employment-based visa. *See, e.g.*, 8 C.F.R. § 241.1(c) (deportation order becomes final upon expiration of the time allotted for an appeal if the alien does not appeal); 8 C.F.R. § 274a.12(c)(18) (aliens subject to a final order of removal cannot receive work authorization except under very narrow circumstances). Even if he had been eligible for an employment-based visa, the visas are subject to numerical limits and skills requirements. Furthermore, Mendoza was required to leave the country by December 7, 1999, so Mendoza may have had to return to the Philippines, leaving or uprooting his family, while his work visa petition was pending. Filing a Notice of Appeal with the BIA is a relatively simple process that in no way prejudices the application for an employment-based visa.

Mamaril's late notice left Mendoza insufficient time to file his appeal *pro se* or to find other counsel. Mamaril did not adequately explain to Mendoza the importance of the BIA appeal nor the impending deadline. A competent lawyer would not have allowed his client to become subject to a final order of deportation, closing off his most promising avenues for relief. While

aliens are bound by their attorneys' litigation choices, Petitioner has shown error sufficient to make out a claim of ineffective assistance of counsel.

### 2. Prejudice

If an alien is prevented from timely filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the benefit of appellate review. *Dearinger*, 232 F.3d at 1045. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). If an alien can show that there is a reasonable probability that he would have appealed but for counsel's deficient representation, prejudice is presumed, because the alien's inability to have his day in court is itself prejudice. *Dearinger*, 232 F.3d at 1045.

■ The BIA relied on the fact that the IJ advised Petitioner of the appeal deadline. However, this notice does not negate a claim for ineffective assistance if Petitioner can reasonably explain the failure to file the application in a timely manner. *Castillo–Perez*, 212 F.3d at 527; *Iturribarria v. INS*, 321 F.3d 889, 900–01 (9th Cir.2003). It is reasonable for an alien to assume that his lawyer will file important motions on time and keep him informed about the case. *Id.*

Mendoza asserts that he did not understand the importance of the deadline. This is evidenced by his attempt to appeal *pro se* after the deadline. More importantly, until two days before the appeal was due, Petitioner believed that his attorney would file the appeal. Because the Notice of Appeal had to be mailed to Virginia, two days' notice would have given Petitioner just Saturday to prepare the

appeal and mail it overnight on Sunday. To require an alien not skilled in immigration law to prepare an appeal or find alternate counsel to do so in one day is unreasonable.

Petitioner did not show any lack of diligence in pursuing his case. He filed his *pro se* appeal less than one week after being notified that Mamaril would not file it. The very short notice provides reasonable explanation of Mendoza's failure to timely file. Thus, Mendoza has established at least "reasonable probability" that he would have timely appealed but for counsel's ineffective assistance, and therefore prejudice can be presumed. *Dearinger*, 232 F.3d at 1045. Because counsel's error caused Mendoza's appeal to be dismissed without consideration of the merits, it necessarily "affected the outcome of the proceedings." *Ortiz*, 179 F.3d at 1153. Although the presumption of prejudice is rebuttable, *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003), no evidence has been presented here to rebut the presumption of prejudice.

We remand to the BIA to consider Mendoza's appeal on the merits. Remand is particularly appropriate in this case, because the transcript of the deportation hearings are not included in the Administrative Record and the record provides little information for our court to evaluate whether Mendoza's potential BIA appeal has merit. *See Ladha v. INS*, 215 F.3d 889, 905 (9th Cir.2000) (holding that remand is appropriate where the record does not contain sufficient information); *Okoroha v. INS*, 715 F.2d 380, 383–84 (8th Cir.1983). However, we note that Mendoza appears to have a plausible claim for suspension of deportation based on the hardship that he and his family would suffer if he were deported. *See* 8 U.S.C. § 1254(a)(1) (repealed 1996); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th

Cir.2003) (under the transitional rules, the slightly broader, pre-IIRIRA relief of suspension of deportation applies).

### C. Counsel's failure to file for Petitioner's employment-based visa

■ Petitioner alleges that his former attorney provided ineffective assistance of counsel by failing to file Petitioner's employment-based visa petition while he was still in legal status. However, Mendoza's motion to reopen does not advance this claim nor does his complaint to the State Bar. "Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review." *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994). The exhaustion requirement applies to ineffective assistance of counsel claims. *Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994); *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir.1995); *Lata*, 204 F.3d at 1246. Because Mendoza did not raise this claim below, he did not exhaust administrative remedies as to this claim and the Court has no jurisdiction to consider it.

### IV. CONCLUSION

Petitioner has demonstrated at least a reasonable probability that he would have timely appealed the IJ's decision but for the ineffective assistance of his former counsel. Because ineffective assistance of counsel denied Petitioner the opportunity to appeal his deportation, the BIA abused its discretion in denying his motion to reopen. Therefore, we GRANT the petition for review, REVERSE the denial of the motion to reopen, and REMAND to the BIA to consider Petitioner's appeal on the merits.