# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KAI KI KON,

Petitioner,

v.

ALBERTO GONZALES,* Attorney General,

Respondent.

No. 03-71121

Agency No.
A71-651-400

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 7, 2005—Pasadena, California

Filed March 18, 2005

Before: Warren J. Ferguson, John T. Noonan, and
Michael Daly Hawkins, Circuit Judges.

Per Curiam Opinion

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

## COUNSEL

David Gardner (argued) and Louis A. Gordon (briefed), Law Offices of David Gardner, Los Angeles, California, for the petitioner-appellant.

Paul Fiorino (argued) and Hillel R. Smith (briefed), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent-appellee.

## OPINION

PER CURIAM:

Kai Ki Kon ("Kon"), a native and citizen of Hong Kong, petitions for review of the Board of Immigration Appeals' ("BIA's") decision summarily affirming an immigration judge's denial of asylum and withholding of removal. As an initial matter, we must decide whether Kon's voluntary departure from the United States deprives this Court of jurisdiction. We find that it does and, accordingly, dismiss Kon's claims for lack of jurisdiction.

**[1]** The Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA") transitional rules apply in cases where deportation or exclusion proceedings commenced before April 1, 1997, and the final deportation or exclusion order was issued after October 20, 1996. *See Kalon v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997). The Government issued a charging document on January 23, 1997 alleging that Kon was excludable from the United States, and the BIA issued its final order on October 8, 1997. Thus, the IIRIRA's transitional rules apply here.

**[2]** The IIRIRA's transitional rules incorporate 8 U.S.C. § 1105a(c), which provided in relevant part:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations *or if he has departed from the United States after the issuance of the order.*

8 U.S.C. § 1105a(c) (emphasis added).

**[3]** Because Kon voluntarily departed the United States to Hong Kong after issuance of the exclusion order, we lack jurisdiction to entertain his petition for review under the plain reading of the statute. *See Thorsteinsson v. INS*, 724 F.2d 1365, 1367 (9th Cir. 1984) (interpreting the jurisdictional limits of 8 U.S.C. § 1105a(c)); *Hose v. INS*, 180 F.3d 992, 996 (9th Cir. 1999) (noting that 8 U.S.C. § 1105a(c) strips our jurisdiction over an alien's petition for review once the alien leaves the United States).

**DISMISSED FOR LACK OF JURISDICTION.**