[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15262
Non-Argument Calendar

_____

D. C. Docket No. 04-00137-CR-CO-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEOPHUS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 2, 2005)

Before ANDERSON, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Ceophus Davis appeals his jury conviction and 235-month sentence for

being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g).  On appeal, Davis argues that the district court erred by denying his motion to suppress because he was arrested in violation of the Fourth Amendment and the weapons seized from the apartment where he was arrested were not discovered in plain view during a valid protective sweep.  He further argues that the district court erred, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), when it: (i)  enhanced his sentence on the basis of prior convictions; and (ii) sentenced him under a mandatory guidelines system.  Upon review of the record and consideration of the parties' briefs, we find no reversible error and affirm.

## I. Fourth Amendment Claims

"In reviewing a district court's ruling on a motion to suppress evidence, we review factual findings for clear error and the court's application of law to those facts de novo."  United States v. Goddard, 312 F.3d 1360, 1362 (11th Cir. 2002). All "facts are construed in the light most favorable to the prevailing party."  Id.  In ruling on the correctness of the denial of a motion to suppress, we may consider any evidence presented at the trial of the case, and are not limited to the evidence introduced at the hearing on the motion.  United States v. Villabona-Garnica, 63 F.3d 1051, 1056 (11th Cir. 1995).

"[F]or Fourth Amendment purposes, an arrest warrant founded on probable

2

cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980). As we have explained: "Payton thus requires a two-part inquiry: first, there must be a reasonable belief that the location to be searched is the suspect's dwelling, and second, the police must have 'reason to believe' that the suspect is within the dwelling." United States v. Magluta, 44 F.3d 1530, 1533 (11th Cir. 1995). Elaborating further, we have held that:

> [I]n order for law enforcement officials to enter a residence to execute an arrest warrant for a resident of the premises, the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality, must warrant a reasonable belief that the location to be searched is the suspect's dwelling, and that the suspect is within the residence at the time of entry.

Id. at 1535.

Taking all of the circumstances together as reflected in this record, we find no reversible error in the district court's determination that Davis' arrest was proper. To the extent Davis argues that his arrest was warrantless and required exigent circumstances, his argument is misplaced because Davis was arrested pursuant to a warrant, the validity of which Davis has not disputed.

We also find no error in the determination that the police were justified in conducting a protective sweep of the apartment where Davis was arrested and, therefore, were entitled to seize any evidence in plain view. The Supreme Court

3

has held that arresting officers may:

> [A]s a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however . . . there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

Maryland v. Buie, 494 U.S. 325, 334 (1990). The Court further held that the sweep should last no longer than necessary to dispel the reasonable suspicion of danger and may extend only to those places where a person might be found. Id. at 335-36. Furthermore, an officer is entitled to seize any evidence located in plain view within the proper scope of a protective sweep. United States v. Hromada, 49 F.3d 685, 690 (11th Cir. 1995).

Self testified that, at the time of Davis's arrest, he heard a thump, thud, or other significant noise coming from the bedroom area. Concerned that he or Deputy Bassett could be in danger of being shot, Davis drew his weapon and, in less than a minute and a half, had swept the 600-700 square foot apartment, finding no other persons in the apartment. During that sweep, he observed a number of items later seized and taken into evidence, including marijuana, cocaine, and the firearms giving rise to the instant offense. While Self would likely have had no reason for sweeping other rooms in the apartment absent the thump or thud he

4

heard in the bedroom, it was not unreasonable for Self to react to such a noise by performing a brief sweep of the small apartment. His concern that someone else could be in the apartment was reasonable, and the district court found his testimony on this issue credible.

We conclude that the district court did not commit reversible error by finding that Davis's Fourth Amendment rights were not violated when he was arrested and, furthermore, did not err by finding that Self conducted a lawful protective sweep entitling him to seize any evidence found within his plain view, including the firearms at issue. We, therefore, affirm Davis's conviction.

## II. Booker/Blakely Sentencing Issues[1]

In light of the fact that Davis has abandoned any argument regarding statutory error, the remaining issue is whether the district court committed

---

[1] Davis's initial brief was filed on May 12, 2005, months after our February 25, 2005, decision in United States v. Shelton distinguishing between the two types of potential error a district court could have committed in light of Booker. 400 F.3d 1225, 1330-31 (11th Cir. 2005) (distinguishing between constitutional error in making extra-verdict enhancements and the statutory error of applying the guidelines in a mandatory, binding fashion). Davis does not mention either Shelton or the difference between the effect of mandatory or advisory guidelines until his reply brief. As we have held, an appellant abandons the issue of the mandatory application of the guidelines when it is raised for the first time in a reply brief. United States v. Magluta, No. 03-10694, slip op. at 2999 (11th Cir. July 27, 2005) (holding that the defendant's argument that he was entitled to resentencing because he was sentenced under a mandatory guidelines system was abandoned because it was raised for the first time in his reply brief).

In any event, under the plain error standard that Davis urges us to apply to the statutory error, he would not prevail because nothing in the record suggests a reasonable probability of a different outcome but for the error. See United States v. Rodriguez, 398 F.3d 1291, 1299-1301 (11th Cir. 2005) cert. denied 125 S.Ct. 2935 (2005); Shelton, 400 F.3d at 1332.

constitutional error when it found, on the basis of three prior convictions, that Davis was an armed career criminal and, therefore, subject to a base offense level under U.S.S.G. § 4B1.4(b)(3)(A).

At sentencing, Davis requested that the court consider Blakely, although he admitted that nothing in Blakely would affect his sentence. It is unclear whether this was an objection sufficient to preserve a constitutional sentencing issue, especially since Davis admitted that Blakely would not impact his sentence. See United States v. Dowling, 403 F.3d 1242, 1245-46 (11th Cir. 2005) (discussing how a constitutional objection under Booker/Blakely is preserved).

However, we need not and do not decide the issue because, under either a de novo review for harmless error or plain error review, there was no constitutional error. See, e.g., United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (holding that a properly preserved constitutional objection to sentencing enhancements is reviewed de novo for harmful error); United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005) (holding that constitutional challenge to sentencing enhancements made for the first time on appeal is reviewed for plain error).

First, Davis's sentence was based on prior convictions that need not be proven to a jury. Furthermore, Davis admitted to the convictions in his PSI and failed to object to the district court's findings based on the PSI. As this Court has

reaffirmed post-<u>Booker</u>, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." <u>Shelton</u>, 400 F.3d at 1329 (quotation and citation omitted). Furthermore, by failing to dispute the findings in the PSI, including the facts of his prior convictions, Davis is deemed to have admitted to those facts and, therefore, no constitutional violation occurred. <u>Id.</u> at 1330.

In sum, upon review of the record on appeal and consideration of the parties' briefs, we conclude that Davis's Fourth Amendment rights were not violated when officers arrested him and conducted a protective sweep, seizing evidence in plain view during that sweep. Furthermore, his abandonment of any statutory <u>Booker</u> error combined with the lack of any constitutional error means there was no reversible error in his sentence. Therefore, we affirm Davis's conviction and 235-month sentence.

**AFFIRMED.**