**Jose Alfonso MONTES–ESTRELLA,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 05–74427.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Jose Alfonso Montes–Estrella, Milan, NM, pro se.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, Mary Jane Candaux, Esq., Thomas Fatouros, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jose Alfonso Montes–Estrella, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his motion to reopen. We dismiss the petition for review.

Montes–Estrella departed the United States pursuant to a 1996 deportation order. In April of 2002, he was convicted of illegally re-entering the United States and was sentenced to 57 months in prison. The record does not indicate that proceedings have been initiated to remove Montes–Estrella a second time. In December of 2002, Montes–Estrella filed a notice of appeal of the 1996 deportation order, seeking to apply for a waiver of deportation pursuant to former 8 U.S.C. § 1182(c). The agency construed the notice of appeal as a motion to reopen.

We lack jurisdiction to review the BIA's order summarily affirming the IJ's denial of Montes–Estrella's motion to reopen because Montes–Estrella is not subject to a new final order of removal. *See* 8 U.S.C. § 1252 (limiting judicial review to final orders of removal). To the extent Montes–Estrella seeks review of the 1996 deportation order, we lack jurisdiction because he departed the United States pursuant to that order. *See* former 8 U.S.C. § 1105a; *Kon v. Gonzales*, 400 F.3d 1225, 1226 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.